NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL GONZALEZ,

          Plaintiff-Appellant,

 v.

UNITED STATES OF AMERICA,

          Defendant-Appellee,

 and

VETERANS ADMINISTRATION, a U.S.
Government Agency; et al.,

          Defendants.

No. 19-16935

D.C. No. 2:15-cv-01997-MCE-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Daniel Gonzalez appeals pro se from the district court's summary judgment

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in his Federal Tort Claims Act ("FTCA") action arising from his medical treatment at a Department of Veterans Affairs hospital in California. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018). We affirm.

The district court properly granted summary judgment because Gonzalez failed to submit expert medical evidence to support his medical malpractice claim as required under California law. *See Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (FTCA actions are governed by the substantive law of the state in which the alleged tort occurred); *Powell v. Kleinman*, 59 Cal. Rptr. 3d 618, 626 (Ct. App. 2007) ("Whenever the plaintiff claims negligence in the medical context, the plaintiff must present evidence from an expert that the defendant breached his or her duty to the plaintiff and that the breach caused the injury to the plaintiff."); *Johnson v. Superior Court*, 49 Cal. Rptr. 3d 52, 58 (Ct. App. 2006) (elements of medical malpractice claim under California law).

Contrary to Gonzalez's contention, defendant United States was not required to submit evidence to prevail in its motion for summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (a Rule 56(c) motion may be granted "regardless of whether the moving party accompanies its summary judgment motion with affidavits").

All pending motions and requests are denied.

**AFFIRMED.**